UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JUAN CASTILLO and
RATAKIT BOONNAK,

                                                          09 Civ. 7644 (PAC) (THK)

                Plaintiffs,

                                                          ECF

     -against-

TIME WARNER CABLE OF NEW YORK
CITY, A DIVISION OF TIME WARNER
ENTERTAINMENT COMPANY, LP.,

                Defendant.
-------------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION FOR RECONSIDERATION**

Lee Nuwesra, Esq.
Law Offices of Lee Nuwesra
Attorney for Plaintiff
1623 Union Port Road, Suite 101
Bronx, NY 10462
(718) 942-4294

**PRELIMINARY STATEMENT**

Plaintiffs Juan Castillo ("Plaintiff" or "Castillo") and Ratakit Boonnak ("Plaintiff" or "Boonnak"), by their attorneys, the Law Offices of Lee Nuwesra, respectfully submit this Memorandum of Law in Opposition to Defendant's Pending Motion for Reconsideration. Defendant brings its instant Motion for Reconsideration, pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure, and Rule 6.3 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York, contesting this Honorable Court's August 9, 2011 Opinion and Order ("Opinion") denying TWCNYC's Motion for Summary Judgment.

It appears that Defendant Time Warner Cable of New York City ("TWCNYC") is dissatisfied with the Court's well reasoned and thorough Opinion, as well as other evidentiary rulings that were resolved against Defendant in this action. However, Defendant's dissatisfaction with the Trial Court's Opinion does not justify TWCNYC's attempt to secure a rehearing on the merits with regard to issues already decided. See **In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (noting that a motion for reconsideration is not an opportunity for the moving party "to argue those issues already considered when a party does not like the way the original motion was resolved").**

In the pending Motion, TWCNYC's 25 page Memorandum of Law in Support of Defendant's Motion for Reconsideration seems to mirror its Original 25 page Memorandum of Law in Support of TWCNYC's Summary Judgment Motion. Nowhere in the pending Reconsideration Motion, is Defendant able to show that this Honorable Court overlooked the controlling decisions or factual matters that were put before it in the underlying Summary Judgment Motion. Simply put, Defendant has done nothing more than rehash its arguments that were previously considered and rejected by the instant District Court. Accordingly, it is

respectfully submitted that Defendant TWCNYC's Motion for Reconsideration be denied, and the matter be set for trial.

## STANDARD OF REVIEW

The standard for granting a motion for reconsideration pursuant to Local Civil Rule 6.3 is well established.  Defendant TWCNYC, as the moving party, is required to demonstrate that the instant Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying summary judgment motion. **Nakano v. Jamie Sadock, Inc., 2000 WL 1010825, at *1 (S.D.N.Y. July 20, 2000).**  Moreover, reconsideration of a Court's previous Order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources".  See **In re Health Management Systems, Inc. Secs. Litig., 113 F. Supp. 613, 614 (S.D.N.Y. 2000).**

A Court must narrowly construe and strictly apply Local Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment. **Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 150 (S.D.N.Y. 1999).**  Furthermore, a party may not seize upon the motion for reconsideration as an opportunity to "advance new facts, issues or arguments not previously presented to the Court". **Abramson v. Bd. of Educ. of Wappingers Cent. School Dist., 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002).**

2

## ARGUMENT

**POINT I    THE INSTANT COURT CORRECTLY HELD THAT BASED ON THE RECORD BEFORE IT, THERE ARE GENUINE ISSUES OF MATERIAL FACTS REGARDING PLAINTIFFS' DISCRIMINATION CLAIMS**

Contrary to Defendant's position, Plaintiffs respectfully submit that this Honorable Court correctly held in its Opinion, dated 8-9-2011, that there are genuine issues of material facts regarding Plaintiff's disparate treatment and retaliation discrimination claims. **(Opinion at pages 5-11).** As an initial matter Plaintiffs reaffirm the arguments and evidence set forth in their Summary Judgment Opposition Papers, and familiarity thereof is assumed. Accordingly, Plaintiffs will respectfully address certain issues to flush out certain nuances argued by Defendant in its pending Reconsideration Motion. It is clear from Defendant's submission, that TWCNYC is confused with regard to the distinction between factual issues and legal issues. Defendant's papers are replete with notations and arguments that unjustifiably attack the credibility of the witnesses, who submitted sworn statements in support of Plaintiffs' pending claims. It is well settled law that the credibility of witnesses are the province of the fact finder, and not for the Court to decide as a matter of Law. In **United States v. Losado, 674 F. 2d 17, 173 (2d Cir.), cert. denied, 457 U.S. 1125, 102 S. Ct. 2945, 73 L. Ed. 2d 1341 (1982),** this Circuit held that the credibility of witnesses is the province of the jury, and the Courts cannot replace the jury's credibility determinations.

For example, in its moving papers, at page 1 Defendant TWCNYC argues that Plaintiffs submitted, amongst others, declarations from a few disgruntled co-workers. Moreover, in footnote 7, of its moving papers Defendant attacks the credibility of Deponent Puesan, in an attempt to appear sympathetic and persuade the instant Honorable Court to disregard his sworn statements. As mentioned above, these credibility issues are for the fact finder to assess. What is troubling, however, is that Defendant was aware of Mr. Puesan's work history, and what

3

departments he worked at, during his tenure. It did not need to await until after June 2011, as it suggests in its papers, to bring its sympathetic posture to the instant Court's attention.

Notwithstanding the foregoing, Mr. Puesan in paragraph 5 of his Declaration clearly stated that he served as a dispatcher in 2003. Moreover, in the following paragraph (which was incorrectly numbered as #7), Mr. Puesan explained, that the same process of dispatching and assignment of work routes, was in effect in 2003 and continued through 2007. In support thereof, he attached 2 copies of route/work orders, dated 5-22-2007, where his assigned technician # 1880 appeared, showing that he performed, as a Technician, Repeat Calls also known as "RPTS". Therefore, Mr. Puesan did not mislead the Court, as erroneously professed by Defendant. Since Plaintiffs have made a demand for a jury trial, in this case, Defendant will have the opportunity to argue the credibility of the witnesses during its summation at trial.

The other nuanced point raised by Defendant, is Defendant's misapprehension of the causal relationship prong of a retaliation claim. In footnote 3 of its moving papers, TWCNYC urges the Court that any retaliatory conduct taken by Defendant, that was committed longer than three months after Plaintiffs' discriminatory complaints, should be deemed too remote to support a retaliation claim. Defendant, however, fails to see as observed by the instant Court, that in their retaliation claims, Plaintiffs have adduced evidence to show both direct and indirect causations to prove this prong of their prima facie case in their retaliation claims. For instance, the Court noted that after Plaintiff Castillo's predisciplinary meeting, where Castillo claimed that the discipline was racially motivated, his Supervisor called him a "big mouth" and a "trouble maker". Supervisor Giancotti then proceeded to tell Castillo that he would never work overtime on his days off. **(Opinion at page 4).** This is the type of direct evidence that need not consider the temporal proximity of the retaliatory conduct complained of by Plaintiffs.

On the other hand, Plaintiffs can also show indirect evidence of retaliation, vis a vis the temporal proximity of the retaliatory conduct complained of.  Here, and contrary to Defendant's urging, recent Second Circuit case law clearly states that there is no bright line rule as to the exact amount of time that has to pass between the protected activity and retaliatory conduct.  See **Espinal v. Goord, 554 F. 3d 216, 228 (2d Cir. 2009) (noting that the Court of Appeals has not drawn a "bright line" defining how long is too long to establish a causal connection and finding that six months time period was sufficient to support an inference of causal connection).**

**POINT II     THE INSTANT HONORABLE COURT CORERECTLY HELD THAT PLAINTIFFS' HOSTILE WORK ENVIRONMENT SHOULD BE PRESENTED TO A JURY**

Once again, and contrary to Defendant's connection, it is respectfully submitted that this Honorable Court correctly held in its Opinion, that Plaintiffs "are entitled to present" their hostile work environment claims to a jury because there is "ample evidence that plaintiffs faced pervasive harassment by workplace supervisors, based on their races and national origins". **(Opinion at page 5).**  Defendant's issue with the instant Court's examples of harassment cited in its Opinion, lacks merit and clearly shows TWCNYC's misapprehension of what constitutes a hostile work environment.  As pointed out by this Honorable Court, while no single incident alleged by Plaintiffs is extraordinarily severe, the totality of the Plaintiffs' aversions do constitute a hostile work environment. **(Opinion at page 4).**  In viewing the continuous incidents and racially motivated statements made by supervisory individuals employed at TWCNYC, coupled with the other corroborated sworn statements made by other technicians, i.e., co-workers Edwin Maisonet and David Hardy, amongst others, surely support the Conclusion reached by this

Honorable Court that such conduct entitle Plaintiffs to present their Hostile Work Environment claims to a fact finder. **(Opinion at pages 4-5).**

In addition to the foregoing arguments, Plaintiffs also reaffirm the arguments and evidence set forth in their Summary Judgment Opposition papers, as they relate to their Hostile Work Environment and Harassment Claims.  As observed by the Trial Court, citing to **Harris v. Forklift Sys., 510 U.S. 17, 23 (1993)**, there is ample evidence that Mssrs. Castillo and Boonnak faced pervasive harassment by workplace supervisors, based on their races and national origins.

Rules 59, 60 of the Fed. R. Civ. Proc., and Local Rule 6.3, motions were not intended as a vehicle for a party dissatisfied with the Court's rulings to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided.  See **Griffin Indus., Inc. v. Petrojam, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999).**

Moreover, Plaintiffs respectfully decline to address Defendant's baseless and unfounded suggestion that this Honorable Court did not consider the arguments or evidence submitted by TWCNYC, on 6-2-2011.  Since Defendant's pending Reconsideration Motion mirrors that of its underlying Summary Judgment Motion, which this Honorable Court viewed and considered in total, TWCNYC's Reconsideration Motion should be denied.

**CONCLUSION**

Based on the foregoing, Plaintiffs' Opposition Papers to Defendant's Summary Judgment Motion, Plaintiffs Juan Castillo and Ratakit Boonnak respectfully request that this Honorable Court deny Defendant's Motion for Reconsideration in its entirety and set this case for trial.

Dated: Bronx, New York
September 16, 2011

Respectfully Submitted

LAW OFFICES OF LEE NUWESRA

_s/ Lee Nuwesra
LEE NUWESRA (LN 5851)
Attorney for Plaintiff
Juan Castillo and Ratakit Boonnak
1623 Unionport Road, Suite 101
Bronx, New York 10462
(718) 942-4294