UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
JUAN CASTILLO and RATAKIT BOONNAK,   :

                      Plaintiffs   :

      - against -   :

TIME WARNER CABLE OF NEW YORK CITY,   :

                      Defendant.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:  _____
DATE FILED: October 24, 2011

09 Civ. 7644 (PAC)

ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

    Defendant Time Warner Cable of New York City (TWC) moves for reconsideration of the Court's Opinion and Order dated August 9, 2011, denying TWC's motion for summary judgment. The Court held that there were genuine issues of material fact with respect to plaintiffs' claims of a hostile work environment; disparate treatment and retaliation

    TWC moves to reconsider on the grounds that plaintiffs' complaints are about ordinary work place incidents, not actionable discrimination and retaliation. According to TWC, plaintiffs' laundry list of what TWC denominates as routine employment actions have obfuscated the actual evidence in this case. The Court was taken in by this obfuscation and it "overlooked evidence… that may have affected the outcome of the Court's opinion" (Memo in Support of Motion to Reconsider pg 1).

    TWC's motion papers drone on about evidence which was overlooked, mistaken, or misunderstood. Plaintiffs' assertions are said to lack credibility; this can be inferred from the variations in their assertions from complaint, to a deposition, to their rebuttals to TWC's motion for summary judgment. Generally the motion to reconsider is a rehash of TWC's arguments it made in support of its motion for summary judgment.

The Court recognizes that TWC has numerous legal and factual defenses; but that is not the issue which the Court was deciding. While TWC appears to be convinced of the merits of its position, a jury might very well disagree. There are genuine issues of fact which plaintiffs' are entitled to present to a jury for consideration.

The Court grants reconsideration of its prior orders only in extraordinary circumstances. Otherwise the "interest of finality and conservation of scarce judicial resources" would be at risk. Hinds County, Miss. v. Wachovia Bank N.A., 700 F. Supp. 2d 378, 407 (S.D.N.Y. 2010). A motion for reconsideration is available if there has been an intervening change in the law, or new evidence becomes available, or a clear error has been made, or the prior opinion creates a manifest injustice. Hinds County Id at 207.

None of these grounds are present here. TWC repeats the same arguments it made previously, only in a more strident tone. There is no clear error and no manifest injustice. The worst thing that will happen here is a jury trial; where TWC can make all the factual arguments it made to the Court.

On October 11, 2011 TWC submitted a recent Second Circuit decision Rojas v. Roman Catholic Diocese of Rochester 2011 WL 4552460 (2d Cir Oct 4, 2011). The Second Circuit affirmed the District Court's grant of summary judgment to the defendant in an employment discrimination case. While summary judgment was granted in Rochester, that does not mean it should be granted here. Notwithstanding TWC's argument that the Court "overlooked" its arguments (the real objection is that the Court did not accept its argument) the presence of asserted variations in plaintiffs' recitation of their claims does not foreclose the presence of genuine issues of material fact.

TWC's Motion for reconsideration dated August 23, 2011 is Denied. The Clerk of Court is directed to terminate this motion.

Dated: New York, New York
       October 24, 2011

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge