UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
Juan Castillo,

                Plaintiff,                        1: 09 Civ. 7644 (PAC)

      v.

Time Warner Cable Of New York City,
A Division Of Time Warner Entertainment
Company, L.P.,

                Defendant.
-------------------------------------------------X

## VERDICT FORM

## SPECIAL VERDICT FORM – PLAINTIFF JUAN CASTILLO

We, the jury in the above-entitled action, render the following Special Verdict on the questions submitted to us regarding the claims of Plaintiff Juan Castillo ("Castillo"):

## SECTION I: DISCRIMINATORY TREATMENT

### Question No. 1:

(a)     Did Castillo prove by a preponderance of the evidence that the fact that he is Hispanic or from the Dominican Republic motivated any adverse employment action taken against him by Time Warner Cable, during the period September 2, 2006 to the present?

_____ Yes          ✕ No

If you answered **"No"** for Question No. 1(a), your verdict is for Time Warner Cable on Castillo's discrimination claim, and you must proceed directly to Question No. 2, and **do not** answer Question No. 1(b).  If you answered **"Yes"** for Question No. 1(a), you should answer Question No. 1(b) below.

(b)     Did Time Warner Cable prove by a preponderance of the evidence that it would have taken any adverse employment action against Castillo anyway, during the period September 2, 2006 to the present, regardless of the fact that Castillo is Hispanic or from the Dominican Republic?

_____ Yes          _____ No

If you answered **"Yes"** for Question No. 1(b), you may not award Castillo damages on this claim.  If you answered **"No"** to Question No. 1(b), your verdict is for Castillo on his discriminatory treatment claim and you must complete Section IV of this form after you have completed Sections II and III of this form.



## SECTION II: RETALIATION

### Question No. 2:

(a)    Did Castillo prove by a preponderance of the evidence that, during the period September 2, 2006 to the present, he complained to Time Warner Cable about discrimination in the workplace based on the fact that he is Hispanic or from the Dominican Republic?

  Yes          _____ No

If you answered **"No"** for Question No. 2(a), your verdict is for Time Warner Cable on Castillo's retaliation claim, and you must proceed directly to Question No. 3 and do not answer Questions Nos. 2(b) and 2(c).  If you answered **"Yes"** to Question No. 2(a), please proceed to Question No. 2(b) below.

(b)    Did Castillo prove by a preponderance of the evidence that his complaint(s) of discrimination in the workplace caused Time Warner Cable to take any action against him, during the period September 2, 2006 to the present, that would be reasonably likely to dissuade a person from complaining about discrimination in the workplace?

_____ Yes          ✕ No

If you answered **"No"** for Question No. 2(b), your verdict is for Time Warner Cable on Castillo's retaliation claim, and you must proceed directly to Question No. 3, and do not answer Question No. 2(c).  If you answered **"Yes"** for Question No. 2(b), you should answer Question No. 2(c) below.

(c)    Did Time Warner Cable prove by a preponderance of the evidence that it would have taken any action against Castillo anyway, during the period September 2, 2006 to the present, regardless of whether Castillo had complained about discrimination based on the fact that he is Hispanic or from the Dominican Republic?

_____ Yes          _____ No

If you answered **"Yes"** for Question No. 2(c), your verdict is for Time Warner Cable and you may not award Castillo damages on this claim.  If you answered **"No"** to Question No. 2(c), your verdict is for Castillo on his retaliatory treatment claim and you must complete Section IV of this form after you have completed Section III of this form.

2

## SECTION III: HOSTILE WORK ENVIRONMENT

**Question No. 3:** Did Castillo prove by a preponderance of the evidence that he experienced harassment by his supervisors, from September 2, 2006 to the present, that was motivated by the fact that he is Hispanic or from the Dominican Republic?

 Yes _____ No

If you answered **"No"** for Question No. 3, your verdict is for Time Warner Cable on Castillo's hostile work environment claim, you may not award Castillo any damages on this claim and you must proceed directly to Section IV. If you answered **"Yes"** for Question No. 3, you should answer Question No. 4 below.

**Question No. 4:** Did Castillo prove by a preponderance of the evidence that from September 2, 2006 to the present he experienced harassment by his supervisors, motivated by the fact that he is Hispanic or from the Dominican Republic, that was so severe or pervasive that it unreasonably interfered with his ability to do his job?

_____ Yes  No

If you answered **"No"** to Question No. 4, your verdict is for Time Warner Cable on Castillo's New York State and Title VII hostile work environment claims and you may not award Castillo any damages on these claims. If you answered **"Yes"** to Question No. 4, your verdict is for Castillo on his New York State and Title VII hostile work environment claims and you must complete Section IV of this form with respect to these claims. Please proceed to Question No. 5.

**Question No. 5:** Did Time Warner Cable prove by a preponderance of the evidence that, from September 2, 2006 to the present, the conduct Castillo claims constitutes harassment due to his being Hispanic or from the Dominican Republic was merely comprised of what a reasonable victim of discrimination would consider to be petty slights or trivial inconveniences in the workplace?

_____ Yes  No

If you answered **"Yes"** to Question No. 5, your verdict is for Time Warner Cable on Castillo's New York City hostile work environment claim and you may not award Castillo any damages on this claim. If you answered **"No"** to Question No. 5, your verdict is for Castillo on his New York City hostile work environment claim and you must complete Section IV of this form with respect to this claim.

**SECTION IV: DAMAGES**

**This Section should not be completed if your verdict was for Time Warner Cable with respect to all of Castillo's claims or if you were instructed that you may not award damages to Castillo on his claims. Only complete this Section if you were specifically instructed to do so based on your responses to the preceding questions (*see* Question No. 1(b), Question No. 2(c), Question No. 4, Question No. 5).**

**Question No. 6:**     Did Castillo prove by a preponderance of the evidence that he is entitled to damages in the form of back pay for lost compensation during the period September 2, 2006 to the present?

_____ Yes          ✗ No

If you answered "**Yes**" to Question No. 6, the amount of back pay awarded to Castillo will be determined by the Court.  **Please proceed to Question No. 7.**

**Question No. 7:**

(a)     Did Castillo prove by a preponderance of the evidence that, during the period of September 2, 2006 to the present: (1) he suffered actual mental pain and emotional distress that was caused by Time Warner Cable's conduct; and (2) such mental pain and emotional distress caused damages with any monetary value?

✗ Yes          _____ No

If you answered "**No**", please proceed to Question No. 8.  If you answered "**Yes**," please answer Question No. 7(b).

(b)     If you answered "**Yes**" to Question No. 7(a), what amount of money will fairly and reasonably compensate Castillo for any mental pain and emotional distress that was caused by Time Warner Cable's actions?

$ 5,000.00 Five Thousand Dollars

**Question No. 8:**

(a)     Did Castillo prove by a preponderance of the evidence that, during the period September 2, 2006 to the present, Time Warner Cable acted with malice or reckless indifference to the laws prohibiting unlawful discrimination, harassment and retaliation?

_____ Yes          ✗ No

If you answered "**No**" for Question No. 8(a), please sign this form and return it to the Court.  If you answered "**Yes**" for Question No. 8(a), please answer Question No. 8(b).

4

(b)     Please indicate whether Castillo should be awarded <u>punitive damages</u>, in addition to any amounts awarded in response to Questions Nos. 6 and 7(b).

_____ Yes            _____ No

(c)     If you answered, "Yes" for Question No. 8(b), please indicate the amount of <u>punitive damages</u>, if any, that Castillo should be awarded.

$ _____

5

**PLEASE SIGN AND DATE THIS FORM AND RETURN IT TO THE COURT.**

FOREPERSON

Dated: May 16 2012
New York, New York

6