UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JUAN CASTILLO and                                           ECF CASE
RATAKIT BOONNAK,

                                                            09 Civ. 7644 (PAC) (THK)
                        Plaintiffs,


                -against-


TIME WARNER CABLE OF NEW YORK
CITY, A DIVISION OF TIME WARNER
ENTERTAINMENT COMPANY, LP.,

                        Defendant.
------------------------------------------------------------------X


PLAINTIFF JUAN CASTILLO'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S RENEWED MOTION FOR JUDGEMENT AS A MATTER OF LAW


Lee Nuwesra, Esq.
Anthony H. Stephens, Esq.
Law Offices of Lee Nuwesra
Attorneys for Plaintiffs
1623 Unionport Road, Suite 101
Bronx, NY 10462
(718) 942-4294

**PRELIMINARY STATEMENT**

Between May 7, 2012 and May 16, 2012, a jury panel heard Mr. Castillo's employment discrimination case.  After listening to and observing both Parties' witnesses, reviewing the documentary evidence received by the instant Honorable Court, the Eight Jurors returned a unanimous verdict on Plaintiff Castillo's New York City Human Rights Law ("NYCHRL"), as it related to his Hostile Work Environment claim.  However, after listening to and incorporating the Court's Instructions, the same jury panel did not find for Mr. Castillo on his Federal and New York State Human Rights Laws.

Considering the Court's instructions to the jury, and the jury's verdict sheet, which virtually, and for the most part, adopted Defendant's versions of the proposed jury instructions and verdict sheet, the jury reached the proper verdict.  The Jury construed Plaintiff's NYCHRL Hostile Work Environment claim independently from his state and federal claims because the NYCHRL "explicitly requires an independent liberal construction analysis in all circumstances, even where State and Federal civil rights laws have comparable language.  The independent analysis must be targeted to understanding and fulfilling…the City HRL's uniquely broad and remedial purposes, which go beyond those of counterpart state or federal civil rights." **Williams v. New York City Housing Authority, 61 A.D.3d 62, 872 N.Y.S.2d 27, 31 (1st Dept. 2009).** Thus, less egregious conduct than that required under Title VII may support a hostile work environment claim under the NYCHRL.  This is precisely what the Jury Panel found, in its capacity as the sole fact finder in this case.

Defendant Time Warner, now moves for a judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50(b), on Mr. Castillo's jury verdict, as it relates to his NYCHRL Harassment Claim.  For the following reasons, it is respectfully submitted that Defendant Time Warner Cable's motion should be denied by this Honorable Court.  It is further

submitted that this is a case which turned on the jury's determination of credibility of the witnesses for each side, especially since it applied the facts as it saw fit, based on the law, as instructed by the instant Court.  Interestingly, and most curiously, Defendant does not, as it could not, argue that the jury's verdict was inconsistent, in determining Defendant's liability, under the various laws at issue.

Defendant's attempt to overturn the jury's verdict, because the Jury Panel believed Plaintiff Castillo's version of the facts is not a basis for awarding judgment to Defendant Time Warner.  See **Lavender v. Kunn, 327 U.S. 645, 653 (1946).**  When the evidentiary basis for the jury's verdict become apparent, it is immaterial that the Trial Court might draw a contrary inference or feel that another conclusion is more reasonable. **Id.**  The **Kunn** Court asserted that "Whether facts are in dispute or the evidence is such that fair minded men may draw different inferences, a measure of speculation and conjecture is required on the most reasonable inference." **Kunn, 327 U.S. at 653.**

## I.      THE LEGAL STANDARD FOR A JUDGMENT AS A MATTER OF LAW UNDER RULE 50(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

A renewed motion for judgment as a matter of law under Fed. R. Civ. Pro. Rule 50(b) is evaluated under the same standard as the initial motion under Rule 50(a), filed at the close of Plaintiff's case.  Defendant Time Warner has a heavy burden on its instant post trial motion.  In **Luciano v. Olsten Corp., 110 F.3d 210, 214 (2d Cir. 1997)**, this Circuit held that "Judgment as a matter of law [pursuant to Rules] may only be granted if there exists such a complete absence of evidence supporting the verdict that the jury's findings can only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded people could not arrive at a verdict against it.

Moreover, in **Reeves v. Sanderson Plumbing Products, Inc.,** 530 U.S. 133, 151 (2000), the United States High Court declared "In entertaining a motion for judgment as a matter of law, the court should review all the evidence in the record." The **Reeves** Court added "In doing so, however, the Court must draw all reasonable inferences in favor of the non-moving party, and it may not make credibility determinations or weigh the evidence." **Id.** Accordingly, it is respectfully submitted that based on the record, Defendant's pending motion, under Fed. R. Civ. Pro. 50 (b) is unavailing.

## II.     THE JURY VERDICT REGARDING PLAINTIFF CASTILLO'S NYCHR HARASSMENT CLAIM SHOULD STAND

### A.     Defendant's Obfuscation Of The Litigation History Is A Mere Red-Herring Designed To Confuse The Real Issues Before The Court

Contrary to Defendant's contentions, a review of the pretrial testimony, the trial testimony, the Court's Instructions, and the Parties' arguments to the Jury Panel, clearly demonstrate that the unanimous jury, in Castillo's case, was justified in finding that Defendant Time Warner and/or its agents subjected Mr. Castillo to a hostile work environment, under the New York City anti-discrimination laws. Defendant's argument in support of its position that this Honorable Court should set aside the Jury's Verdict, is fanciful at best, in that Time Warner is grasping at straws, by exaggerating and misrepresenting the record, as a whole. As would be discussed in the following pages, Defendant's attempt to mislead the Court with regard to the pre-trial discovery is a red-herring brought by Defendant to deliberately obfuscate the issue that needs to be resolved.

For example, Defendant misconstrues Plaintiff's Amended Complaint, by parsing out the allegations made therein. In his Amended Complaint, in paragraphs 22(a), 22(c), 23, 82 and 84, Mr. Castillo averred that, **amongst others**, his supervisors would continuously berate him, yell

and curse at him.  He also averred that his supervisors used expletives and other foul language, such as "wise ass", "suck my dick", and "fanculo."  Nowhere in his pleadings did Mr. Castillo indicate that those examples were exhaustive. **(See annexed Exhibit 1, attached to Nuwesra's Declaration).**  Contrary to Defendant's suggestion, in employment discrimination claims, the complaint need not set forth specific facts establishing a prima facie case under the **McDonnel Douglas** framework. See **Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992 (2002).** Similarly the **New York State CPLR 3013** requires only that statements in a pleading be "sufficiently particular to give the court and parties notice of the transactions, occurrences, intended to be proved and the material elements of each cause of action or defense."  Here, these requirements were more than adequately met.

Moreover, Time Warner deliberately and falsely argues that it only became aware of Mr. Castillo's claims of the anti-Hispanic/anti-Dominican derogatory statements towards him, and those uttered to others similarly situated, in his presence, came to light in the midst of trial. During his deposition, which took place on June 15, 2010, and July 27, 2010, respectively, Mr. Castillo did testify to ethnic slurs that were directed at him, by his supervisors.  For example, he testified that in 2006, on at least 50 occasions, one of his foremen, Mr. Brusco, referred to him as a "dummy in a can" referring to his Dominican Ethnicity.  He further testified that other general foremen such as Mr. Giancotti and Mr. Tartarone made similar remarks. **(See Exhibit 2, pages 59-67, and 519-521, attached to Nuwesra's Declaration).**  Additionally, in his sworn statement, dated 4-16-2011, that he and other similarly situated Hispanic employees were referred to as: "Dumb Spics", "Dumb Dominicans", "Rice and Bean Eaters" and "What Banana Boat did you get off." **(See Annexed Exhibit 3, Paragraphs 7, 10, and 18, attached to Nuwesra's Declaration).**

Furthermore, Defendant's last attempt to obfuscate the record and confuse the issues, by continuing to attack Plaintiff's attorneys, and by deliberately misconstruing the Presiding Judge's sentiments, about his observations during the trial, by parsing the Court's full context, as well as misstating the timing of same; should be frowned upon by the instant Honorable Court.  In addition, it is Plaintiff's position that it is Defendant's Counsel who should be admonished, for allowing one of their witnesses to commit perjury, when they allowed Mr. Barra during his in court testimony, to deny his concurrent position as Vice President of Defendant Time Warner. In its **Moving Papers, at footnote 19 on page 17,** Defendant's Counsel admits that Mr. Larry Barra held the concurrent positions of Vice President and General Superintendent at TWCNYC, during the relevant time period.  However, during questioning by Plaintiff's attorney, Mr. Barra, under oath, vehemently denied holding the position of Vice President at Time Warner.

**B.      Claims Under The Local NYCHRL Are Not Co-Extensive With
Claims Under Federal Or State Anti-Discrimination Statutes.**

It is now beyond cavil, that claims under the New York City Human Rights Law are not co-extensive with claims under similar federal anti-discrimination statutes.  In **Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 278 (2d Cir. 2009)**, the Second Circuit has noted that the Local Civil Rights Restoration Act of 2005, requires that claims under the NYCHRL to be given an independent liberal construction. See **New York City Administrative Code, § 8-107(4)(a), 8-107(20).**   The **Loeffler** Court, further asserted that the NYCHRL should be given "an independent liberal construction." **Id at 278.**

The Second Circuit has approvingly acknowledged that some state rulings treat the NYCHRL as having removed the "severe and pervasive" requirement from the coverage of its harassment/hostile work environment claims. **Fincher v. Depository Trust and Clearing Corp., 604 F.3d 712, 724 n.10 (2d Cir. 2010).**  Thus, less egregious conduct than that required

5

under Title VII may support a hostile work environment claim under the NYCHRL, as the Local Law does not impose "an overly restrictive 'severe or pervasive' ban."   The Jury Panel was aware of this distinction, when it found for Plaintiff Castillo.

Moreover, under the NYCHRL, "questions of 'severity and pervasiveness' are applicable to consideration of the scope of permissible damages, but not to the question of underlying liability." See **Williams v. New York City Hous. Auth., 61 A.D.3d 62, 66-69, 76 (1st Dept. 2009).**  For liability under the City Law, "the primary issue for a trier of fact in harassment cases, as in other terms and conditions cases, is whether the plaintiff has proved by a preponderance of the evidence that [he] has been treated less well than other employees because of [his] race." **Id at 78.**  Clearly, under the relevant local law, the Jury Panel reached the correct decision, after reviewing all the testimony in the case, by finding for Plaintiff Castillo on his NYCHRL harassment claim.

**C.      Defendant Time Warner Is Vicariously Liable To Plaintiff Castillo**

The New York City Human Rights Law "imposes liability on the employer in three instances: (1) Where the offending employee exercised managerial or supervisory responsibility…; (2) Where the employer knew of the offending employee's unlawful discriminatory conduct and acquiesced in it or failed to take immediate and appropriate corrective action; and (3) Where the employer should have known of the offending employee's unlawful discriminatory conduct, yet failed to prevent it." **Zakrzewska v. New School, 14 N.Y.3d 469, 479, 928 N.E.2d 1035 (2010). [quoting Administrative Code of the City of NY § 8-107(13)(b)(1)-(3)].**   The City law in effect "imposes strict liability for a supervisor's discriminatory acts." **Id at 481.**  A supervisor is one who exercises managerial or supervisory responsibility." **Id.**  It is respectfully submitted that based on the record as a whole, the jury

6

properly found against Defendant, as all three enumerated conditions were met, and argued to the jury.

The Second Circuit has considered "whether the authority given by the employer to the employee enabled or materially augmented the ability of the latter to create a hostile work environment for his or her subordinates." See **Mack v. Otis Elev. Co., 326 F.3d 116, 126 (2d Cir. 2003).** This broad conception would include the "authority to direct the employee's daily work activities." **Id at 127. [quoting EEOC Enforcement Guidelines on Vicarious Employer Liability for Harassment by Supervisors, 8 FEP Manual (BNA) 405: 7654 (1999)].** Such that a "senior employee regularly on site "who had exercised the authority to make and oversee the daily work assignments" of the plaintiff, would be deemed his supervisor. **(Id).** Hence, this broader conception adopted by the Second Circuit would be and is more compatible with the liberal City's Law formulation "managerial or supervisory responsibility." See **Administrative Code of City of New York § 8-107(13)(b)(1).**

### III.   THE JURY VERDICT ENTITLES PLAINTIFF CASTILLO TO ATTORNEY'S FEES AND COSTS UNDER THE NYCHRL

As conceded to in Defendant's pending motion papers, at page 1, the jury's verdict on Plaintiff Castillo's NYCHRL's harassment claim, would entitle him to attorney's fees and costs, pursuant to § 8-502(f) of the Administrative Code of the City of New York. In **Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)**, the Supreme Court stated that "success on any significant issue in litigation that achieves some of the benefits sought is sufficient to qualify a party as a prevailing party for the purposes of determining an award of attorney's fees." Here, Plaintiff Castillo is clearly a prevailing party.

Plaintiff Castillo is a prevailing party within the meaning of the Administrative Code § 8-502 (f), having obtained compensatory damages of $5,000, by a jury on his NYCHRL hostile

work environment claim. See **Fornuto v. Nisi, 84 A.D.3d 617, 923 N.Y.S.2d 493 (1st Dep't 2011).** Since Mr. Castillo's damages were not nominal, the judgment in his favor need not serve a public purpose. See **Farrar v. Hobby, 506 U.S. 103, 121-122 (1992).** Notwithstanding the foregoing, federal precedent on this issue is not binding, in light of the remedial purposes of the City statute. See **Williams v. New York City Hous. Auth., 61 A.D.3d 62, 66-69 (1st Dep't 2009)**, **leave to appeal denied 13 N.Y. 702, 914 N.E.2d 365, 885 N.Y.S.2d 716 (2009).** Accordingly, it is respectfully requested that this Honorable Court allow Mr. Castillo's trial attorneys the opportunity to submit an application for said fees and costs.

## CONCLUSION

Based on the foregoing facts and legal authority, the attached legal documents and exhibits, Plaintiff Juan Castillo respectfully requests that this Honorable Court deny Defendant's Rule 50(b) Motion for Judgment As A Matter of Law, to enter a judgment in his favor on the jury's verdict of 5-16-2012, and to set a briefing schedule for his attorney's fees and costs application, under the NYCHR Law.

Dated: Bronx, New York
      July 19, 2012

                            Respectfully Submitted,

                            LAW OFFICES OF LEE NUWESRA

                             */s/*    Lee Nuwesra
                            LEE NUWESRA, ESQ. (LN 5851)
                            ANTHONY H. STEPHENS, ESQ.
                            Attorney for Plaintiff
                            Juan Castillo
                            1623 Unionport Road, Suite 101
                            Bronx, New York 10462
                            (718) 942-4294