```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 27, 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
JUAN CASTILLO and RATAKIT BOONNAK,

        Plaintiffs

  - against -

TIME WARNER CABLE OF NEW YORK CITY,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

09 Civ. 7644 (PAC)

ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

  Defendant Time Warner Cable of New York City ("TWCNYC") renews its motion for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50(b), to set aside the jury's verdict awarding Plaintiff Juan Castillo $5,000 on his claim for a hostile work environment under the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-101, et seq.[1] On May 11, 2012, at the conclusion of Castillo's case, the Court denied TWCNYC's Rule 50 motion after hearing extensive argument from the parties. Although the Court had "substantial questions . . . about the quality of Mr. Castillo's testimony," Castillo's allegations that he "was repeatedly referred to as a dumb Dominican" created "a serious question about a hostile discriminatory workplace." (May 11, 2012 Tr. at 956:12-17.) The Court found dismissal was not warranted, but stated that it would revisit its decision in light of the jury's verdict. (Id. at 957:4-8.)

  Under Rule 50(a), judgment is appropriate when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed.R.Civ.P. 50(a). Judgment as a matter of law should not be granted unless there is "such a complete absence of evidence supporting the

---

[1] The jury returned verdicts in TWCNYC's favor on Castillo's claims under federal and state human rights law.

1

verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair-minded persons could not arrive at a verdict against it." Brady v. Wal-Mart Stores, Inc., 531 F.3d 127, 133 (2d Cir. 2008) (internal alterations and citation omitted). The Court "consider[s] the evidence in the light most favorable to the party against whom the motion was made and give[s] that party the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence." Caceres v. Port Auth. of New York and New Jersey 631 F.3d 620, 622 (2d Cir. 2011) (internal quotations and citation omitted). The Court must defer to the jury's credibility determinations and "may not weigh the credibility of witnesses or otherwise consider the weight of the evidence." Brady, 531 F.3d at 133 (citation omitted).

To prevail on a hostile work environment claim under the NYCHRL, a plaintiff must demonstrate that "(1) he was a member of a protected class; (2) he was subjected to harassment, either through words or actions, based on his membership in that protected class; (3) he was treated less well than other employees because of his membership in that protected class; and (4) there is a specific basis for imputing the conduct creating a hostile work environment to the employer." MacMillan v. Millennium Broadway Hotel, No. 09 Civ. 6053, 2012 WL 2105832, at *5 (S.D.N.Y. June 11, 2012) (citations omitted). The statute imposes liability for conduct that exceeds "what a reasonable victim of discrimination would view as petty slights or trivial inconveniences." See Williams v. New York City Housing Auth., 872 N.Y.S.2d 27, 40-41 (N.Y. App. Div. 1st Dep't 2009). "The NYCHRL's liberal construction lowers the standard for a hostile work environment claim brought under its auspices." Acosta v. City of New York, No. 11 Civ. 856, 2012 WL 1506954, at *8 (S.D.N.Y. April 26, 2012) (citing cases). The jury was

properly instructed in accordance with this standard. TWCNYC cannot object to the Court's instructions because they were taken directly from TWCNYC's requests to charge.

At trial, Castillo testified that from 2006 to 2011, TWCNYC Warehouse Foreman Tony Brusco, General Foreman Chris Tartarone, and General Foreman Lance Giancotti repeatedly used racial epithets against him, including "dumb spic," "cheap spic," "dumb Dominican," and "dummy in a can."[2] (May 10, 2012 Tr. at 556:25-563:20.) Three additional witnesses for Castillo—TWCNYC employees Edwin Maisonet, Darren Maraj, and Jaime Ortiz— testified that they heard Brusco, Tartarone, and Foreman Paul Hart say racially derogatory comments in 2007 and 2008, although they did not know whether Castillo was present. On cross-examination, Castillo conceded that he had not mentioned any of these derogatory comments during his deposition, and that he never reported any incidents of racial harassment to human resources, the legal department, or compliance. (Id. at 721:12-24; 731:24-733:10.) Based on this impeachment testimony, TWCNYC argued in its summation that Castillo was not credible. The jury disagreed, and awarded Castillo a modest amount in damages.[3] Viewed in the light most favorable to Castillo, the evidence was sufficient for a reasonable jury to find that Castillo met his burden to prove a hostile work environment under the NYCHRL.

TWCNYC argues that Castillo's testimony at trial so contradicted the allegations of his Complaint and his deposition testimony as to render it implausible. TWCNYC cites Jeffreys v. City of New York, 426 F.3d 549 (2d Cir. 2005), where the court affirmed summary judgment for defendants on the basis that plaintiff's testimony was "largely unsubstantiated by any other direct

---

[2] The Court presumes the parties' familiarity with the facts and procedural history of this case, and includes only the essential facts relating to TWCNYC's motion. For a more complete description of the underlying facts, see Castillo v. Time Warner Cable of NYC, No. 09 Civ. 7644, 2011 WL 3475419 (S.D.N.Y. Aug. 9, 2011).

[3] As the Court instructed the jury, TWCNYC's Faragher-Ellerth defense— that Castillo failed to follow company procedures for reporting complaints of racial harassment—did not apply to Castillo's claim under the NYCHRL. See Zakrzewska v. New School, 620 F.3d 168, 170 (2d Cir. 2010).

evidence" and was "so replete with inconsistencies and improbabilities" such that no reasonable juror would credit the allegations made in plaintiff's complaint. Id. at 555. Contrary to TWCNYC's argument, Castillo testified in his deposition that in 2006, his supervisors made racially derogatory comments toward him, including statements such as "what banana boat did you get off of" and "dummy in a can." (Declaration of Kenneth Margolis, Ex. 6, at 60:7-61:21.) The jury was therefore entitled to assess Castillo's credibility at trial. It did so and returned a verdict in Castillo's favor under the NYCHRL.

TWCNYC now argues Castillo failed to present sufficient evidence to show that Brusco, Tartarone, Giancotti, and Hart exercised supervisory or managerial responsibility over Castillo for purposes of imputing liability to TWCNYC. Each of these individuals took the stand and described their managerial responsibilities. TWCNYC never raised this argument or suggested that these individuals were not in supervisory or managerial positions at any time during the trial. Any argument on this issue is therefore waived. See Samuels v. Air Trans. Local 504, 992 F.2d 12, 14 (2d Cir. 1993) (stating that judgment as a matter of law on a renewed motion under Rule 50(b) is limited to those issues "specifically raised in [a] prior motion for a directed verdict").

Accordingly, TWCNYC's motion for judgment as a matter of law is denied. The parties are directed to submit a briefing schedule on plaintiff's motion for attorney's fees.

Dated: New York, New York
July 27, 2012

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge