USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-2-12

# KM&M
KAUFF McGUIRE & MARGOLIS LLP

950 THIRD AVENUE   FOURTEENTH FLOOR
NEW YORK, NY 10022

KENNETH A. MARGOLIS
DIRECT DIAL  (212) 909-0705
DIRECT FAX  (212) 909-3505
MARGOLIS@KMM.COM

TELEPHONE (212) 644-1010
FACSIMILE (212) 644-1936

NEW YORK
LOS ANGELES
WWW.KMM.COM

July 31, 2012

*August 2, 2012*

*Defendant may file their reply by Friday August 10, 2012. The Court will issue an amended opinion upon its review of defendant's reply papers.*

*So Ordered*

*[signature]*
*U.S.D.J.*

**VIA FACSIMILE**

Hon. Paul A. Crotty, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Castillo and Boonnak v. Time Warner Cable of New York City, a Division of Time Warner Entertainment Company, L.P.*
      09 Civ. 7644 (PAC)
      KM&M File No. 08319.0022

Dear Judge Crotty:

      We represent Defendant Time Warner Cable of New York City ("TWCNYC"). At the close of the trial in this matter, the Court set a briefing schedule for TWCNYC's Renewed Motion for Judgment as a Matter of Law (the "Motion"), which included the submission of a Reply brief by TWCNYC.[1] This Reply brief was due to be filed on August 2, 2012. The Court, however, issued an Order on July 27, denying TWCNYC's Motion. We noticed that this Order made no reference to TWCNYC's forthcoming Reply brief and did not include any determination that a reply brief was unnecessary. We are therefore writing to seek clarification regarding the Court's Order and the previous schedule permitting the submission of TWCNYC's Reply brief.

      TWCNYC believes that its Reply brief would be particularly helpful with respect to this Motion because Castillo's Opposition to the Motion: (a) failed to address an entire argument set forth in TWCNYC's Motion (which also appears to have been omitted from the Court's July 27 Order); and (b) contained several misstatements of the trial record. Indeed, TWCNYC planned to address the following points in its Reply brief, among other things:

**MEMO ENDORSED**

---

[1] On July 10, 2012, following the extension of Castillo's time to file his Opposition to the Motion, the Court confirmed that TWCNYC would have two weeks to submit its Reply, until August 2, 2012.

4830-6949-6848.1


KM&M
KAUFF McGUIRE & MARGOLIS LLP

Hon. Paul A. Crotty, U.S.D.J.
July 31, 2012
Page 2

1. <u>Castillo concedes that the alleged harassment did not interfere with his work environment, a fact that is fatal to his NYCHRL harassment claim.</u> TWCNYC argued in the Motion that there is no evidence that the alleged derogatory remarks or anti-immigrant posting affected Castillo's work environment. (Mot. 9-10.) At least two federal courts in this district have dismissed NYCHRL harassment claims on this basis. (*See* Mot. 9-10 (citing *Bind v. City of N.Y.*, No. 08-cv-11105, 2011 U.S. Dist. LEXIS 113629, at *55-56 (S.D.N.Y. Sept. 30, 2011) and *Panzarino v. Deloitte & Touche, LLP*, No. 05-cv-8502, 2009 U.S. Dist. LEXIS 101209, at *28, 30 (S.D.N.Y. Oct. 29, 2009)).)[2] Castillo did not dispute in his Opposition the facts or legal authority cited by TWCNYC in support of this argument, and therefore concedes this point. *See Robinson v. Am. Int'l Group, Inc.*, No. 08-cv-1724, 2009 U.S. Dist. LEXIS 90801, at *13 (S.D.N.Y. Sept 30, 2009) ("Plaintiff has failed to address defendants' arguments against or even mention several of the claims of racial discrimination. She therefore has abandoned these claims."), *aff'd*, 396 Fed. App'x 781, 781-82 (2d Cir. 2010).

2. <u>Castillo misstates his deposition testimony regarding anti-Hispanic and anti-Dominican remarks allegedly made to him.</u> Castillo erroneously asserts in his Opposition that, at his deposition, he testified to "ethnic slurs" made to him "by his supervisors." (Opp. 4.) Castillo claims that he stated at his deposition that "in 2006, on at least 50 occasions, one of his foreman, Mr. Brusco"[3] referred to him as a 'dummy in a can'" (Opp. 4); however, his actual deposition testimony was that these remarks (and reference to the "banana boat") were made in 2005, outside of the relevant time period. (6/15 Margolis Decl., Ex. 6 [Castillo Dep Tr. 61:15-21].) Additionally, while Castillo claims that he stated at his deposition that "Mr. Giancotti and Mr. Tartarone made similar remarks" (Opp. 4), the only remarks he specifically attributed to Giancotti and Tartarone at his deposition were non-race or national origin-based cursing (i.e., words such as "f-ck" and "fangula"), and Tartarone's references to the SAP button, which refer to speaking a particular language, an action not attributable to any particular race (Mot. 12-13 (citing Castillo Dep. Tr. 65 11-67:20, 468:8-469:21), Mot. 17; Opp. 4 (citing Castillo Dep. Tr. 519:4-521:9).)

3. <u>Castillo does not, and cannot cite any evidence in the trial record establishing that his alleged harassers were supervisors within the meaning of the NYCHRL.</u> TWCNYC and Castillo both argued that the determination of whether an individual possesses the requisite "supervisory or managerial responsibility" under the NYCHRL should be determined based on the standard articulated by the Second Circuit in *Mack v. Otis Elevator Co.*, 326 F.3d 116, 124-25 (2d Cir. 2003), a Title VII

---

[2] This argument was previously raised during TWCNYC's oral argument on May 11, 2012 following the close of the Plaintiffs' case, and timely renewed in TWCNYC Motion for Judgment as a Matter of Law (*See* 5/11 Tr. 938:1-14, 939:1-2, 11-13, 939:24-940:4.)

[3] Brusco also was not Castillo's foremen, as he worked in a different department (Mot. 6).

4830-6949-6848 1



Hon. Paul A. Crotty, U.S.D.J.
July 31, 2012
Page 3

harassment case. (Mot. 3-4; Opp. 7.) Under this standard, a supervisor is defined as someone who: (a) takes tangible employment actions against the plaintiff; or (b) has been empowered by the employer in some way that "enabled" him or her as the "harasser, or materially augmented his or her ability, to create or maintain the hostile work environment" (i.e., the harasser "possessed a special dominance" by directing the plaintiff's work day, and there was no one superior to him on the worksite to "act[] as a check" on his misbehavior). (Mot. 4 (quoting *Mack*, 326 F.3d at 124-25).) There is no evidence in the record that Giancotti, Tartarone, Brusco, and Hart - Castillo's alleged harassers – met this standard, such that TWCNYC is automatically liable for their harassing conduct under the NYCHRL. (Mot. 5-6.) Indeed, Castillo was unable to cite a single example of such conduct in his Opposition.

Moreover, we previously raised this last argument (No. 3) during oral argument on TWCNYC's Fed. R. Civ. P. 50(a) motion. We argued: "Those foremen and general foremen are Mr. Boonnak's and Mr. Castillo's fellow union members. They are not supervisors. There's no evidence in the record that would support the conclusion that under the legal standards they're supervisors. They're fellow union members." (5/11 Tr. 878:6-10). Additionally, in response to the Court's question: "But foremen are supervisors, right?" we responded:

> They're not supervisors by way of the legal standards. In other words, certainly the foreman's job is to oversee the work of the technicians on a day-to-day basis. They go out into the field. They make sure that the technicians are working. But in terms of being a supervisor within the meaning of the law, they are not supervisors. They don't have the power to hire employees. They don't have the power to fire employees. And on this record it's clear they don't even have the power to discipline employees.

(5/11 Tr. 878:18-879:2.)

While my statements were made as part of my argument that a complaint to a foreman does not impute knowledge to TWCNYC, Castillo's counsel understood that TWCNYC disputed that harassment by foremen and general foremen constituted harassment by those with supervisory responsibility. Indeed, Castillo's counsel argued later that afternoon that "[h]ere, the contention is that the conduct that he [Castillo] was subjected to came from supervisory personnel. I just want to raise that on the record because, you know, he raised it." (5/11 Tr. 943:19-22.) Castillo's counsel was therefore "inform[ed]" "of the challenge to the sufficiency of the evidence" on this issue and "afford[ed] a clear opportunity to provide additional evidence that may be available." *See* Fed. R. Civ. P. 50 (Advisory Committee Note 2006 Amendment).

4830-6949-6848.1



KM&M
KAUFF McGUIRE & MARGOLIS LLP

Hon. Paul A. Crotty, U.S.D.J.
July 31, 2012
Page 4

      Thus, in light of the foregoing, TWCNYC respectfully requests that the Court permit TWCNYC to submit its Reply brief and consider the arguments set forth in that brief and clarify the July 27 Order.

      Thank you for your consideration of this matter.

      Respectfully submitted,

      *Kenneth A. Margolis*
      Kenneth A. Margolis

cc:    Lee Nuwesra, Esq.

4830-6949-6848 1